UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X
AGNIESZKA ANDRUKIEWICZ,　　　　　　　　　　　　　Index No.:
　　　　　　　　　　　　　　　　　　　　　　　　　　18-cv-04206 (NGG)(RER)
　　　　　　　　　　　Plaintiff,

vs.　　　　　　　　　　　　　　　　　　　　　　　　**FIRST AMENDED
　　　　　　　　　　　　　　　　　　　　　　　　　　COMPLAINT**

CITY OF NEW YORK, POLICE OFFICER RICHARD A.
HENDRICK (SHIELD NO. 7541), Individually, POLICE　　**Plaintiff demands
OFFICER DANIEL MCGUIRE (SHIELD NO. 114403),　　　Trial by Jury**
Individually, LIEUTENANT KENYA MOYE, Individually
and other currently unidentified Police Officers believed to be
assigned to 104th Precinct,

　　　　　　　　　　　Defendants.
-------------------------------------------------------------------------------X

　　　Plaintiff complaining of the Defendants by her attorneys, Tumelty & Spier, LLP, hereby allege, upon information and belief, as follows:

### PREAMBLE

　　　1.　　This is an action to redress the deprivation by the Defendants of the rights secured to the Plaintiff by the Constitution and Laws of the United States and the State of New York.

　　　2.　　Jurisdiction of this Court is invoked under the provisions of Sections 1331, 1343(3), and 1367(a) of Title 28, United States Code and pursuant to Sections 1983 and 1988 of Title 42, United States Code, and the Fourth, Fifth, Eight and Fourteenth Amendments of the United States Constitution.

3. Venue is placed in the Eastern District of New York because it is the District where the Plaintiff resides and where the claimed acts and omissions occurred.

## THE PARTIES

4. Plaintiff AGNIESZKA ANDRUKIEWICZ (hereinafter "ANDRUKIEWICZ") was and still is an adult resident of Queens County, City and State of New York.

5. The Defendant CITY OF NEW YORK is a municipal corporation formed and existing pursuant to the laws of the State of New York.

6. The Defendant CITY OF NEW YORK is responsible for the hiring, training, staffing, and supervision of the New York City Police Department.

7. The Defendant POLICE OFFICER RICHARD A. HENDRICK, a police officer employed by the New York Police Department, shield number 7541, using Tax Reg. # 958688 (hereafter "P.O. HENDRICK") is an adult resident of the State of New York.

8. That P.O. HENDRICK, upon information and belief, was assigned to the 104th Police Precinct at all times herein mentioned.

9. At all relevant times P.O. HENDRICK was employed as a New York City Police Officer and was employed by the City of New York.

10. At all times hereinafter mentioned, Defendant P.O. HENDRICK was acting within the scope of his employment and in the furtherance of his duties with the City of New York.

11. Defendant P.O. HENDRICK is sued only in his individual capacity.

12. At all times hereinafter mentioned, Defendant P.O. HENDRICK was acting under color of law, to wit: The laws of the State of New York and City of New York.

13. The Defendant POLICE OFFICER DANIEL MCGUIRE, shield number 114403 (hereafter "P.O. MCGUIRE") is an adult resident of the State of New York.

14. That Defendant P.O. MCGUIRE, upon information and belief, was assigned to the 104th Police Precinct at all times herein mentioned.

15. At all relevant times Defendant P.O. MCGUIRE was employed as a New York City Police Officer and was employed by the City of New York.

16. At all times hereinafter mentioned, Defendant P.O. MCGUIRE was acting within the scope of his employment and in the furtherance of his duties with the City of New York.

17. Defendant P.O. MCGUIRE is sued only in his individual capacity.

18. At all times hereinafter mentioned, Defendant P.O. MCGUIRE was acting under color of law, to wit: The laws of the State of New York and City of New York.

19. At all relevant times Defendant P.O. MCGUIRE was working as a partner to Defendant P.O. HENDRICK.

20. The Defendant LIEUTENANT KENYA MOYE (hereafter "LT. MOYE") is an adult resident of the State of New York.

21. That Defendant LT. MOYE, upon information and belief, was assigned to the 104th Police Precinct at all times herein mentioned.

22. At all relevant times Defendant LT. MOYE was employed as a New York City Police Lieutenant and was employed by the City of New York.

23. At all times hereinafter mentioned, Defendant LT. MOYE was acting within the scope of her employment and in the furtherance of her duties with the City of New York.

24. Defendant LT. MOYE is sued only in her individual capacity.

25. At all times hereinafter mentioned, Defendant LT. MOYE was acting under color of law, to wit: The laws of the State of New York and City of New York.

26. At all relevant times Defendant LT. MOYE was working as a supervisor of Defendant P.O. HENDRICK and Defendant P.O. MCGUIRE.

27. At all times relevant hereto, Defendants P.O. HENDRICK, P.O. MCGUIRE, and LT. MOYE, were police officers employed by the New York City Police Department, and acting under the color of state law. Upon affirmation and belief, all individual Defendants were assigned to the 104th precinct of the New York City Police Department, at the time of the occurrences alleged in this Complaint. They are being sued in both their individual and official capacities.

28. At all times mentioned in this Complaint, the individual Defendants acted jointly and in concert with one another. Each Defendant had the duty and the opportunity to protect the Plaintiff from the unlawful actions of the other Defendants, namely the unlawful arrest, assault, battery, abuse of process, and violation of civil and constitutional rights, but each Defendant failed and refused to perform such duty, thereby proximately causing the Plaintiff's injuries.

## COMMON ALLEGATIONS RELATED TO VIOLATIONS OF
## PLAITNIFF'S CIVIL AND CONSTITUTIONAL RIGHTS (§1983)

29. On August 9, 2017, at approximately 7:45 PM, Plaintiff ANDRUKIEWICZ was supervising her five-year-old son on a playground located in the vicinity of the North-West intersection of 75th Street and 69th Road in Queens, New York (hereafter the "location").

30. That, at approximately 8:00 PM, Plaintiff ANDRUKIEWICZ observed a six-year-old boy X.A. (initials of the minor), known to have behavioral issues, unsupervised by an adult, strike Plaintiff ANDRUKIEWICZ'S son D.A (initials of the minor) in the head with a water pistol, resulting in a bruise and a red skin mark on the five-year-old D.A.

31. That upon observing her son D.A. being assaulted, Plaintiff ANDRUKIEWICZ told X.A. to stop striking her son D.A.

32. That as a result of the verbal confrontation, a group of young and adolescent children already present at the location approached Plaintiff ANDRUKIEWICZ in a threatening manner and in support of her five-year-old son's assailant X.A.

33. That the said group of young and adolescent children then prevented Plaintiff ANDRUKIEWICZ from leaving the location by blocking her path.

34. That as Plaintiff ANDRUKIEWICZ was then approached by Jesaida Agramonte, the mother of the six-year-old X.A.

35. That Plaintiff ANDRUKIEWICZ was physically grabbed by her hair and clothing by Jesaida Agramonte.

36. That Plaintiff ANDRUKIEWICZ's pocketbook was grabbed by Jasaida Agramonte, and damaged by Jesaida Agramonte when Jesaida Agramonte ripped the pocketbook off Plaintiff ANDRUKIEWICZ's body.

37. That Plaintiff was in fear of her life and safety, as well as in fear of her five-year-old son's safety.

38. At that date, time, and location Plaintiff was not engaged in any unlawful or criminal acts.

39. That shortly thereafter, Defendant P.O. HENDRICK and Defendant P.O. MCGUIRE, arrived at the location in a marked police vehicle.

40. That at that time, Defendant P.O. HENDRICK and DEFENDANT P.O. MCGUIRE, spoke with Plaintiff ANDRUKIEWICZ and Peter Andrukiewicz, Plaintiff ANDRUKIEWICZ'S husband.

41. That at that time, Peter Andrukiewicz informed Defendants P.O. HENDRICK and P.O. MCGUIRE, that Plaintiff ANDRUKIEWICZ had a limited capacity to communicate in the English language and requested a Polish-speaking officer at the scene to translate. This request was refused.

42. That Plaintiff ANDRUKIEWICZ then utilized the assistance of Peter Andrukiewicz in interpreting from the Polish to English language and informed Defendants P.O. HENDRICK and P.O. MCGUIRE that her five-year-old son was assaulted by X.A. and that Plaintiff ANDRUKIEWICZ was herself assaulted and battered by Jesaida Agramonte.

43. That Defendants P.O. HENDRICK, DEFENDANT P.O. MCGUIRE, spoke with Jesaida Agramonte separate and apart from Plaintiff ANDRUKIEWICZ.

44. That Defendants P. O. HENDRICK, DEFENDANT P.O. MCGUIRE, requested the assistance of Defendant LT. MOYE and other NYPD Officers via a radio run at the location.

45. That Defendant LT. MOYE and other NYPD Officers arrived at the location pursuant to Defendants P. O. HENDRICK, DEFENDANT P.O. MCGUIRE radio run.

46. That Defendant LT. MOYE had minimal contact with Plaintiff ANDRUKIEWICZ and said Plaintiff ANDRUKIEWICZ speaks enough English to be interviewed in English.

47. That despite being informed by Peter Andrukiewicz that Plaintiff ANDRUKIEWICZ was unable to effectively communicate in English, and despite repeated requests and demands for a Polish-speaking officer and/or interpreter, Defendant LT. MOYE spoke with Plaintiff ANDRUKIEWICZ in English.

48. That Plaintiff ANDRUKIEWICZ was unable to participate in Defendant LT. MOYE's investigation due to the language barrier and extremely limited ability to speak in English.

49. That P.O. HENDRICK, DEFENDANT P.O. MCGUIRE, AND LT. MOYE and other NYPD Officers approached Plaintiff ANDRUKIEWICZ and demanded that she place her hands behind her back.

50. That Plaintiff ANDRUKIEWICZ complied with the police officers' demands.

51. That P.O. HENDRICK, Defendant P.O. MCGUIRE, and LT. MOYE and other NYPD Officers restrained Plaintiff ANDRUKIEWICZ with handcuffs.

52. On August 9, 2017, at approximately 8:00 PM, in the vicinity of the North-West intersection of 75th Street and 69th Road in Queens, New York, Defendant P.O. HENDRICK, Defendant P.O. MCGUIRE, AND LT. MOYE and other NYPD Officers detained, seized, stopped and arrested Plaintiff ANDRUKIEWICZ.

53. That there was no probable cause to believe that Plaintiff ANDRUKIEWICZ had committed a crime. The physical evidence corroborated Plaintiff that no crime had occurred as there were no marks or bruises on "N.J."

54. Defendants P.O. HENDRICK, Defendant P.O. MCGUIRE, AND LT. MOYE and other NYPD Officers intended to detain and seize Plaintiff ANDRUKIEWICZ.

55. At the time of the detention and seizure of the Plaintiff ANDRUKIEWICZ on August 9, 2017, there was no warrant of arrest outstanding for Plaintiff ANDRUKIEWICZ.

## AS AND FOR A FIRST CAUSE OF ACTION FOR FALSE ARREST ON BEHALF OF AGNIESZKA ANDRUKIEWICZ

56. Plaintiff ANDRUKIEWICZ repeats the preceding paragraphs as if fully set forth.

57. The arrest, detention and seizure of Plaintiff ANDRUKIEWICZ by Defendant P.O. HENDRICK, Defendant P.O. MCGUIRE, AND LT. MOYE and other NYPD Officers was unlawful.

58. There was no probable cause or legal justification to detain or seize Plaintiff ANDRUKIEWICZ.

59. Defendant P.O. HENDRICK, Defendant P.O. MCGUIRE, AND LT. MOYE and other NYPD Officers intended to seize, confine and/or detain Plaintiff ANDRUKIEWICZ.

60. Plaintiff ANDRUKIEWICZ was aware and conscious of her seizure, confinement and detention.

61. Plaintiffs ANDRUKIEWICZ did not consent to the detention or seizure of her person by Defendant P.O. HENDRICK, Defendant P.O. MCGUIRE, AND LT. MOYE and other NYPD Officers.

62. Defendant P.O. HENDRICK, Defendant P.O. MCGUIRE, AND LT. MOYE and other NYPD Officers knew that there was no probable cause or legal basis to seize or detain Plaintiff ANDRUKIEWICZ.

63. Defendants Defendant P.O. HENDRICK, Defendant P.O. MCGUIRE, AND LT. MOYE and other NYPD Officers committed the above acts under color of state law.

64. As the result of the foregoing, Plaintiff ANDRUKIEWICZ feared for her personal safety, was deprived of her liberty, subjected to scorn, ridicule, embarrassment, and sustained other consequential damages.

65. That after Plaintiff ANDRUKIEWICZ was handcuffed, Plaintiff ANDRUKIEWICZ was taken to a police squad car and transported to the 104th Police Precinct.

66. That Plaintiff ANDRUKIEWICZ was photographed and fingerprinted while being detained at the 104th Police Precinct.

67. That Plaintiff ANDRUKIEWICZ was detained for approximately two (2) hours before she was released from custody.

## AS AND FOR A SECOND CAUSE FOR MALICIOUS PROSECUTION ON BEHALF OF AGNIESZKA ANDRUKIEWICZ

68. Plaintiff ANDRUKIEWICZ repeats the preceding paragraphs as if fully set forth.

69. That Plaintiff ANDRUKIEWICZ was issued a Desk Appearance Ticket by Defendant P.O. HENDRICK, bearing the "Top Offense Charge: PL 260.10 01," commanding Plaintiff ANDRUKIEWICZ to appear in the Criminal Court of the City of New York in Queens County on September 19, 2017, hence commencing criminal proceedings for offenses Plaintiff ANDRUKIEWICZ had not committed.

70. That Plaintiff ANDRUKIEWICZ retained the law office London & Worth, LLP as criminal defense counsel and paid sums for her defense of the action.

71. That Plaintiff ANDRUKIEWICZ appeared at the Criminal Court of the City of New York in Queens County on September 19, 2017.

72. That on September 19, 2017, Plaintiff ANDRUKIEWICZ received a copy of the criminal court complaint charging Plaintiff ANDRUKIEWICZ with assault in the third

degree (Penal Law § 120.00[1]), endangering the welfare of a child (Penal Law § 260.10[1]), and harassment in the second degree (Penal Law § 240.26[1]), all allegedly committed against a person named "Noel Jasaida."

73. That "Noel Jasaida" did not exist.

74. That the said Plaintiff ANDRUKIEWICZ's criminal complaint's Supporting Deposition was executed by N.A. (initials of a minor), a different name than the complainant "Noel Jasaida" alleged in the said complaint.

75. That the said Plaintiff ANDRUKIEWICZ'S criminal court complaint contained false allegations that Jasaida Agramonte observed Plaintiff ANDRUKIEWICZ slap and punch "Noel Jasaida" in the arm with a closed fist at the above-mentioned location.

76. That Jasaida Agramonte never told the police that she observed Plaintiff Andrukiewicz slap and punch Noel Jasaida in the arm with a closed fist.

77. That Defendant P.O. Hendrick made the sworn allegation in the complaint against Plaintiff ANDRUKIEWICZ, that Defendant P.O. HENDRICK was informed by "Noel Jesaida" that Plaintiff ANDRUKIEWICZ slapped "Noel Jesaida" in the arm and punched him in the arm with a closed fist causing substantial pain and that "Noel Jesaida's" mother, Jesaida Agramonte, observed Plaintiff ANDRUKIEWICZ slap and punch the "Noel Agramonte" in the arm, which allegations were untrue when made.

78. That Plaintiff ANDRUKIEWICZ made a total of **eight** (8) court appearances related to the charges of the offenses that Plaintiff ANDRUKIEWICZ had not committed.

79. That Plaintiff ANDRUKIEWICZ incurred additional costs related to legal fees in the defense of the action.

80. That on May 17, 2018, all charges against Plaintiff ANDRUKIEWICZ were dismissed, ending favorably for the Plaintiff.

81. That the criminal proceedings against Plaintiff Andrukiewicz were initiated without probable cause.

82. That Defendants P.O. HENDRICK, Defendant P.O. MCGUIRE, AND LT. MOYE knew no probable cause for initiating criminal proceedings against Plaintiff ANDRUKIEWICZ existed.

83. That the criminal proceedings against Plaintiff Andrukiewicz were initiated recklessly and/or in a grossly negligent manner, and/or due to a wrong or improper motive and due to failure to carry out the most rudimentary investigation by Defendants P.O. HENDRICK, Defendant P.O. MCGUIRE, AND LT. MOYE.

## AS AND FOR A THIRD CAUSE FOR MUNICIAPL LIABILITY UNDER 42. U.S.C.§1983 ON BEHALF OF AGNIESZKA ANDRUKIEWICZ

84. Plaintiff ANDRUKIEWICZ repeats the preceding paragraphs as if fully set forth.

85. Defendant City of New York implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of arresting persons on insufficient evidence in violation of the Fourth Amendment and the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States.

86. The aforesaid customs, policies, usages, practices, procedures and rules of Defendant City of New York include, but are not limited to, the following:

    a. Defendant City of New York failed to properly train police officers in the standards for probable for the warrantless seizure and arrest of individuals

consistent with the requirements of the Fourth and Fourteenth Amendments of the Constitution of the United States;

b. Defendant City of New York failed to properly train police officers in the circumstances under which probable cause exists for the warrantless arrest of an individual;

c. Defendant City of New York failed to properly supervise police officers during the performance of their duties, and more particularly during warrantless arrests;

d. Defendant City of New York failed to properly monitor arrests made by its police officers to determine if its police officers were following proper standards for probable cause for the warrantless seizure and arrest of individuals consistent with the requirements of the Fourth and Fourteenth Amendments of the Constitution of the United States;

e. Defendant City of New York failed to discipline police officers for making warrantless arrests where probable cause for an arrest did not exist.

87. The failure of Defendant City of New York to properly train, supervise, monitor and discipline its police officers constituted deliberate indifference to the rights of persons with whom the police officers come in contact, and more particularly, Plaintiff Andrukiewicz.

88. The arrest and subsequent prosecution of Plaintiff Andrukiewicz resulted from the failure of Defendant City of New York to properly train, supervise, monitor and discipline its police officers in the standards of probable cause and requirements for warrantless arrests.

89. Defendant City of New York was acting under color of state law when it formulated and implement a policy, custom, or practice for police officers to make warrantless arrests without probable cause.

90. Defendant City of New York deprived Plaintiff ANDRUKIEWICZ of her right to be secure in her person against unreasonable searches, seizures and malicious prosecution guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing to properly train its police officers in the standards of probable cause and the requirements for making warrantless arrests.

91. That the above actions by Defendants P.O. HENDRICK, DEFENDANT P.O. MCGUIRE, AND LT. MOYE, and LT. MOYE, and other NYPD Officers violated the rights granted to Plaintiff ANDRUKIEWICZ pursuant to the Fourth and Fourteenth Amendment to the United States Constitution. As such, Plaintiff ANDRUKIEWICZ seeks relief pursuant to USC 42 § 1983.

92. That due to the above, Plaintiff ANDRUKIEWICZ sustained damages, as Defendants violated Plaintiff ANDRUKIEWICZ'S Federal and New York State constitutional rights and caused Plaintiff ANDRUKIEWICZ to be deprived of her liberty, to suffer humiliation and embarrassment, emotional and physical suffering, mental anguish and loss of economic opportunities and wages, subjected Plaintiff ANDRUKIEWICZ to humiliation, ridicule and disgrace. Plaintiff ANDRUKIEWICZ was discredited in the minds of many members of the community, and she was required to incur bills for legal services rendered, and was otherwise psychologically injured and damaged, and made to suffer anxiety.

93. That Defendant P.O. HENDRICK, DEFENDANT P.O. MCGUIRE, AND LT. MOYE and other NYPD Officers violated Plaintiff ANDRUKIEWICZ'S rights,

privileges and immunities under the laws and Constitution of the United States; in particular the rights to be secure in her person and property, to due process under the law, the right to be free from malicious prosecution and the intentional and/or negligent infliction of emotional distress as set forth above and due to the policies and practices of the Defendant CITY OF NEW YORK.

94. By these actions, Defendant CITY OF NEW YORK has deprived Plaintiff ANDRUKIEWICZ of rights secured by the Eighth Amendment to the United States Constitution, in violation of 42 U.S.C. Section 1983.

95. That due to the above, Plaintiff ANDRUKIEWICZ sustained damages, as Defendants violated Plaintiff ANDRUKIEWICZ'S Federal and New York State constitutional rights and caused Plaintiff ANDRUKIEWICZ to be deprived of her liberty, to suffer humiliation and embarrassment, emotional and physical suffering, mental anguish and loss of economic opportunities and wages, subjected Plaintiff ANDRUKIEWICZ to humiliation, ridicule and disgrace. Plaintiff ANDRUKIEWICZ was discredited in the minds of many members of the community, and she was required to incur bills for legal services rendered, and was otherwise psychologically injured and damaged, and made to suffer anxiety.

## ARTICLE 16 IS INAPPLICABLE TO INSTANT ACTION

96. The provisions of Article 16 to the CPLR of the State of New York do not apply to the instant action.

97. The Defendants acted with intent.

98. The Defendants acted knowingly or intentionally, jointly or in concert, and in a conspiracy to "cover-up" the unlawful acts of the co-Defendants and to otherwise deprive Plaintiff ANDRUKIEWICZ of due process of law, to cause the acts or failures upon which liability is based.

**WHEREFORE**, Plaintiff demands judgment against the Defendants as follows:

As to the First Cause of Action:

   a. Compensatory damages in the amount of $500,000.00 dollars;
   b. Punitive damages, against the individual Defendants, in the amount that is just, reasonable and fair;
   c. Attorneys' fees and costs of this action;
   d. Such other relief as is fair, just, or equitable.

As for the Second Cause of Action:

   a. Compensatory damages in the amount of $500,000.00 dollars;
   b. Punitive damages, against the individual Defendants, in the amount that is just, reasonable and fair;
   c. Attorneys' fees and costs of this action;
   d. Such other relief as is fair, just, or equitable.

As for the Thire Cause of Action:

   a. Compensatory damages in the amount of $500,000.00 dollars;

b. Punitive damages, against the individual Defendants, in the amount that is just, reasonable and fair;

c. Attorneys' fees and costs of this action;

d. Such other relief as is fair, just, or equitable.

Dated: New York, New York
December 4, 2018

By: _____
David Giaro, Esq. (DG7264)
Tumelty & Spier, LLP
Attorneys for Plaintiff
160 Broadway, Suite 708
New York, New York 10038
Phone (212) 566-4681
Fax (212) 566-4749
E-mail: david.giaro@gmail.com